# IN THE U.S. DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### (Lynchburg Division)

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, Not In Its Individual Capacity, But Solely As Trustee of LSF10 Master Participation Trust<br>*Plaintiff,*<br>v.<br><br>RALPH L. HAYES<br><br>CATHERINE B. HAYES<br>*and*<br>ALL UNKNOWN OCCUPANTS<br>*Defendants.* | * * * * * * * * * * * * * * | Civil Action No: 6:24-cv-00036 |

## BRIEF IN SUPPORT

COMES NOW the Plaintiff by counsel and, in support of its Motion to Remand (ECF 7), states as follows:

### Background Facts

1. Via a "Trustee's Deed In Foreclosure" dated April 25, 2024, the Plaintiff became the owner of the real property legally described as,

> All that certain tract or parcel of land, together with any buildings and improvements thereon and the privileges and appurtenances thereunto belonging, located in Jefferson Magisterial District, Bedford County, Virginia shown and designated as Lot 9, Section 2, upon a plat entitled "Plat Showing Section 1 & Section 2, Walkers Crossing, Jefferson District, Bedford County, Virginia", made by Hurt & Proffitt, Incorporated, dated July 17, 2000, revised August 1, 2001, recorded in the Clerk's Office of the Circuit Court of Bedford County, Virginia, August 8, 2001, at Plat Book 41, pages 8 through 10,
>
> BEING the same property conveyed to Ralph L. Hayes and Catherine B. Hayes, husband and wife, as tenants by the entirety and not as tenants in common, with the right of survivorship, from Borel Construction Company, Inc. (also known as Borel Construction, Inc.), a Virginia corporation, by Deed dated April 8, 2002 and recorded May 14, 2002 of record in Instrument No. 020008225, in the Office of the Bedford County Clerk of the Circuit Court, Bedford County, Virginia,

and commonly known as 1107 Ashburn Drive, Forest, Virginia 24551 (hereinafter "Property").  A copy of said Trustee's Deed was filed with the "Notice of Removal".  See ECF 1, Pageid#s 14-16.

2. In order to obtain possession of the Property, the Plaintiff by counsel filed a "Summons for Unlawful Detainer (Civil Claim for Eviction) against Ralph L. Hayes, Catherine B. Hayes (hereinafter "the Hayeses") and All Unknown Occupants in the General District Court of Bedford County, Virginia.  A true and accurate copy of the filed Summons for Unlawful Detainer is attached to "Notice of Removal".  See ECF 1, Pageid#s 5-19.

3. Said Summons for Unlawful Detainer only seeks possession of the Property and no damages.  See ECF 1, Pageid# 5.

4. The Hayeses removed the Plaintiff's action for Unlawful Detainer from the General District Court of Bedford County, Virginia to the U.S. District Court for the Western District of Virginia (Lynchburg Division) based on "federal questions of jurisdiction". See "Notice of Removal", ECF 1, Pageid# 2, ln 1.

5. In support of their claim that the U.S. District Court has federal-question jurisdiction over the removed case, the Hayeses have pleaded that the Plaintiff has violated (summarizing here) the Truth in Lending Act, the FTC Act Sect 1692(a)(6), the Real Estate Settlement Procedures Act *[sic],* violations of federal loss mitigation requirements, violations of federal Qualified Written Request requirements, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the False Claims Act. violations of the Hayeses' Constitutional and Civil Rights, Personal Injury, Defamation, Libel, Forgery, Fraud, Misconduct, Misrepresentation exceeding the sum of $75,000, Class Action Fairness Act. RESPA Regulation X, a request for injunctive relief, and damages in the amt of $18,000,000.00.  See ECF 1, Pageid#s 2-3, ¶ 3.

6. Furthermore, the Hayeses point to ongoing litigation that they allegedly have pending with respect the Fay Servicing and the Plaintiff and, as proof thereof, the Hayeses have

attached, as exhibits, pleadings recently filed in other cases. See ECF 1, Pageid#s 25-28. Although each of those pleadings was recently filed, each was filed in a Court case that has been previously concluded. As such, the pleadings relied upon by the Hayeses are not actually before any Court. For example, ECF 1, Pageid# 25 shows the first page of the "[Ralph Hayes]'s Emergency Petition and Application for Temporary Restraining Order and Temporary Injunction and Motion to Vacate Judgment and Declaratory Judgment" with a date stamp showing it was filed in the Clerk's Office of the Bedford County Circuit Court on July 1, 2024. However, Bedford County Circuit Court case CL22001587-00 was concluded via a Final Order entered on April 24, 2023. Furthermore, case CL22001587-00 was appealed to the Court of Appeals of Virginia (CAV Record # 201923), and that appeal was dismissed on December 29, 2023 and the Petition to Rehear was Denied on February 22, 2024. See the case Docket sheets filed herewith as **Exhibit A**.

7. At the time of the April 25, 2024 foreclosure sale for the Property, Fay Servicing was the Servicer of the Hayeses' December 8, 2005 mortgage loan and "U.S. Bank Trust National Association, Not In Its Individual Capacity, But Solely As Trustee of LSF10 Master Participation Trust" was the holder of the Note.

8. All of the Hayeses' claims alleged in paragraph 3 of their Notice of Removal, are with respect to Fay's servicing of, and enforcement of the default provisions founds in, the Hayeses' December 8, 2005 mortgage loan, and all claims that the Hayeses had against Fay Servicing have been fully litigated and dismissed with prejudice. See, for example, *Ralph L. Hayes v. Fay Servicing, LLC*, Bedford County Circuit Court case CL22001587-00 and *Ralph L. Hayes v. Fay Servicing, LLC*, WDVa 6:22-cv-00040.

**Arguments**

9. Upon information and belief, the current standard for establishing and reviewing removal jurisdiction is as follows:

State-Court actions which originally could have been filed in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) and *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). The removing party bears the burden of demonstrating the existence of federal jurisdiction over the action. *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). "Because removal jurisdiction raises significant federalism concerns, [Courts] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

10. Federal case law has made clear that in order for a case to be removed to Federal Court, ***the Plaintiff*** must plead a claim that creates federal jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See *Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

"Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, *Taylor v. Anderson*, supra; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), or that a federal defense the defendant may raise is not sufficient to defeat the claim, *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Louisville & Nashville R. Co. v. Mottley*, supra, 211 U.S., at 152, 29 S.Ct., at 43. ***For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law***.9 "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10-11 (1983)(emphasis added).

11. The Plaintiff's action for unlawful detainer action is strictly a state-law claim and

provides no basis for federal-question jurisdiction. See Code of Virginia § 8.01-126 *et seq*.

> "Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as pre-emption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. See Act of Mar. 3, 1887, ch. 373, 24 Stat. 552, as amended by Act of Aug. 13, 1888, ch. 866, 25 Stat. 433. ***Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense***, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. See *Franchise Tax Board*, 463 U.S., at 12, 103 S.Ct., at 2847–2848." Caterpillar, 392-93 (1987)(emphasis added).

12. Furthermore, because the Hayeses have not filed a formal Counterclaim, the alleged federal claims raised in paragraph 3 of their Notice of Removal are simply affirmative defenses based on federal law.

13. Because the Hayes have previously challenged the ability of Fay Servicing and the Plaintiff to foreclosure on their December 8, 2005 mortgage loan and lost, any remaining challenges with respect to enforcement of the default provisions of their 2005 mortgage loan is subject to the doctrine of *res judicata*.

> "In the Commonwealth, claim preclusion is encompassed by Rule 1:6, which states, [a] party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. Rule 1:6(a). Under this rule, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' " *Lee v. Spoden*, 290 Va. 235, 245, 776 S.E.2d 798, 803 (2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). Thus, parties may not "relitigat[e] ... the same cause of action, or any part thereof which could have been litigated" in the previous action. *Bates*, 214 Va. at 670–71, 202 S.E.2d at 920–21; *Rhoten v. Commonwealth*, 286 Va. 262, 272, 750 S.E.2d 110, 115 (2013)." D'Ambrosio v. Wolf, 295 Va. 48, 53-54 (2018).

14. The only remaining issue to be adjudicated is the Plaintiff's right to possession of the Property, and to have a Writ of Eviction issued against the Hayeses and All Unknown Occupants.

15. Because the Plaintiff's pursuit of an Unlawful Detainer, in the matter styled above, is strictly a State-Court claim, there is no federal question at issue. Without a federal question, the Court lacks subject-matter jurisdiction.

**Conclusion**

The Court lacks subject-matter jurisdiction as there is no federal question that creates a basis for removal. As such, remand of the case at bar back to the General District Court of Bedford County, Virginia is both proper and warranted.

Respectfully submitted,

**U.S. BANK TRUST NATIONAL ASSOCIATION, Not In Its Individual Capacity, But Solely As Trustee of LSF10 Master Participation Trust**
*by Counsel*

Dated: August 9, 2024

/s/ Robert Oliveri
Robert A. Oliveri, Jr., Esquire
Virginia State Bar # 47247
BROCK & SCOTT, PLLC
484 Viking Drive, Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com