CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/20/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., | ) |
| | ) |
| Plaintiff, | )  Case No. 6:24-cv-00036 |
| | ) |
| v. | )  Hon. Robert S. Ballou |
| | )  United States District Judge |
| RALPH L. HAYES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

**I.   BACKGROUND**

Plaintiff, U.S. Bank Trust, N.A. alleges that it became the owner of the Ralph and Catherine Hayes's home, 1107Ashburn Drive, Forest, VA 24551 via "Trustee's Deed in Foreclosure dated April 25, 2024." U.S. Bank then filed an Unlawful Detainer action in Bedford County General District Court to gain possession of the Hayes' home which they then removed to federal court arguing that the case raises questions of federal law. Dkt. 8 at 1–2. Specifically, the Hayeses argue that the foreclosure on their home was invalid because 1) U.S. Bank violated the Truth in Lending Act (TILA), 15 U.S.C. § 1641(g), by failing to provide notice that their mortgage loan was sold or transferred, 2) U.S. Bank the Fair Debt Collection Practices Act (FDCPA), 15 USC §§ 1692(e),(f), by providing forged, illegal loan documents, and 3) U.S. Bank pursued foreclosure despite the Hayeses timely rescinding their loan under to 15 U.S.C. § 1635(a) and *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015). Plaintiff has moved to remand this action to state court. Dkt. 7.

On January 29, 2025, the Court held a Zoom hearing on Plaintiff's motion. Dkt. 30. During the hearing, Mr. Hayes walked off camera. I stated for the record that Mr. Hayes walked

away. Mr. Hayes objected and explained that he was getting medication. Hayes returned to his computer and the hearing concluded. After the hearing, Mr. Hayes filed a motion for me to recuse myself. He argues, citing the minute entry for the proceeding, that I refused to let him put the reason he walked off camera on the record. He also objects to my statement that I anticipated granting the motion to remand and denying the Hayes' pending motions as moot. Dkt. 37 at 2.

## II.   MOTION TO RECUSE

Mr. Hayes has not shown that recusal is appropriate under 28 U.S.C. §§ 455 or 144. Accordingly, his motion is denied.

Recusal under 28 U.S.C. § 455 "requires a federal judge to 'disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 542 (1994) (quoting 28 U.S.C. § 455(a)). The statute also recognizes certain other specific scenarios where recusal is appropriate, such as "'[w]here he has a personal bias or prejudice concerning a party.'" *Megaro v. McCollum*, 66 F.4th 151, 163 n.5 (4th Cir. 2023) (quoting 28 U.S.C. § 455).

Recusal is also appropriate under 28 U.S.C. § 144 "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.'" 28 U.S.C. § 144. Any affidavit under § 144 must state the facts and the reasons a party believes bias or prejudice exists and is sufficient if it alleges personal bias or prejudice from an extrajudicial source outside of what the judge has learned or experienced from his participation in the case. *Sine v. Local No. 992*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original); *Liteky*, 510 U.S. at 544. Recusal may also be appropriate under § 144 if a "favorable

2

or unfavorable predisposition . . . springs from the facts adduced or the events occurring at trial [that] is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

Neither statute requires my recusal here. My statement noting that Mr. Hayes walked off camera does not show prejudice or personal bias to Mr. Hayes. Rather, it simply reflected what was taking place in the hearing. Moreover, after my statement, Mr. Hayes was permitted to rejoin the hearing which then continued as normal.

Mr. Hayes also objects to my stated intention to grant Plaintiff's motion to remand and deny the Hayes' remaining filings as moot. This objection reflects Mr. Hayes's disagreement with the Court's orders and not prejudice or personal bias. Therefore, it is not grounds for recusal. *Banerjee v. Nationwide Recovery Service, Inc.*, 2023 WL 6410943, *1 (4th Cir. Oct. 2, 2023) ("mere dissatisfaction with [a] district court's unfavorable rulings…is not a sufficient ground for recusal"). Since Mr. Hayes has not demonstrated that the Court has shown prejudice or personal bias against him, his motion to recuse is denied.

### III.    MOTION TO REMAND

Hayes has not demonstrated that the Plaintiff's unlawful detainer action implicates a federal question. Accordingly, the Plaintiff's motion to remand is granted.

The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1993)).

The Hayeses assert that the Court has federal question jurisdiction. In determining

whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action. "In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id.* "If, however, state law creates the cause of action, federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 28 (1983)) (emphasis in original). However, "actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." *In re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 584 (4th Cir. 2006). Similarly, "'[a] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction.'" *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 478 F. Supp. 2d 861, 864 (E.D. Va. 2006) (quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).

  Here, Plaintiff's eviction action does not, on its face, invoke federal question jurisdiction. *Cranberry Fin., LLC v. Ctr. of Love Mission Church*, No. 5:10-CV-524-FL, 2010 WL 5353361, at *2 (E.D.N.C. Dec. 15, 2010). To the extent the Hayeses argue that the eviction action turns on a federal question—whether Plaintiff's claim to the Property is valid because it violated various federal consumer protection laws—their argument is unavailing. The Fourth Circuit, Judge Moon and this Court have previously reviewed and dismissed with prejudice the Hayes' consumer protection claims. *Hayes v. Fay Servicing, LLC*, 2024 WL 1193100 (4th Cir. Mar. 20, 2024); *Hayes v. Fay Servicing, LCC,* 2023 WL 2760429 (W.D. Va. April 3, 2023); *Hayes v. Fay Servicing, LLC*, 2023 WL 5733876 (W.D. Va. Sept. 5, 2023). These arguments are therefore frivolous and cannot support federal jurisdiction. *Ferguson v. Wooten*, 741 Fed.Appx. 955 (4th

Cir. Nov. 14, 2018) (dismissal of frivolous complaint for lack of jurisdiction.); *Clervrain v. Erich,* 2022 WL 22771893, at *1 (S.D.W. Va. Dec. 22, 2022) ("no subject matter jurisdiction over obviously frivolous matters.").

## IV.    CONCLUSION

Mr. Hayes's Motion to Recuse (Dkt. 37) is **DENIED.** Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED**. The other pending motions are **DENIED** as **MOOT.** The Clerk shall **STRIKE** the action from the Court's active docket.

The Clerk is **DIRECTED** to mail a copy of this order to pro se Defendants at their last known address.

Entered:  March 20, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge